UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| ALBERTO PARRA, Individually and on Behalf of All Others Similarly Situated,<br><br>v.<br><br>MVCI ENERGY SERVICES, INC.; KELLY McCLELLAN; GREG VICK; and CHUCK BANKS. | Case No.: 1:17-cv-00474<br>Collective Action (29 U.S.C. § 216(b))<br>Class Action (FED. R. CIV. P. 23) |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

SUMMARY

1. Alberto Parra brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New Mexico Minimum Wage Act, NMSA § 50-4-19, *et seq.,* ("NMMWA") from MVCI Energy Services, Inc., Greg Vick, Kelly McClellan, and Chuck Banks (collectively, "MVCI").

2. Parra and his coworkers were employed by MVCI in the oil field performing manual labor job duties surrounding the rigging up, operation, and rigging down of oil and gas equipment such as manifolds, separators, flow iron, and other equipment used in well testing and flow back related jobs.

3. MVCI required Parra and the other Class Members to work substantial overtime without compensation.

4. Parra and the other Class Members worked at least 12 hours a day for at least 7 days a week. As a result, they often worked weeks consisting of 84 hours or more.

5. MVCI paid Parra and all Class Members a day-rate, regardless of the number of hours worked. Parra and his coworkers never received overtime pay for work performed in excess of 40 hours in a week.

6. This class and collective action alleges that MVCI misclassified Parra and all Class Members as exempt from the overtime requirements and seeks to recover the unpaid overtime wages, liquidated damages, attorney fees, and costs permitted by the FLSA and NMMWA.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. The Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

10. Parra and other Class Members perform work-related tasks for MVCI in this District.

11. MVCI has availed itself to the jurisdiction of this Court. MVCI maintains offices and business operations in this District, including in Farmington, New Mexico.

## THE PARTIES

12. Alberto Parra worked for MVCI as a Flowback Operator / Field Foreman ("Field Personnel") beginning in 2014. MVCI paid Parra through a day rate system without overtime for his work as Field Personnel. Parra never received overtime pay from MVCI. Parra's consent to be a party plaintiff is filed with the Court as Exhibit A.

13. Parra represents at least two classes of similarly situated co-workers.

14. First, Parra represents a class of similarly situated Field Personnel under the FLSA pursuant to 29 U.S.C. § 216(b). The FLSA Class is defined as:

> **Field Personnel employed by MVCI and working in the United States in the past three years who were paid a day rate.**

15. Second, Parra represents a class of similarly situated Field Personnel under the NMMWA pursuant to Federal Rule of Civil Procedure 23. The NMMWA Class is defined as:

**Field Personnel employed by MVCI and working in New Mexico in the past three years who were paid a day rate.**

16. Collectively, the FLSA Class Members and NMMWA Class Members are referred to as "Class Members."

17. **MVCI** may be served with process through its registered agent: **Kelly McClellan at 6316 Highpoint Drive, Farmington, NM 87402**.

18. **Kelly McClellan** may be served with process at **6316 Highpoint Drive, Farmington, NM 87402**.

19. **Greg Vick** may be served with process at **300 Sunrise Place, Farmington, NM 87401.**

20. **Chuck Banks** may be served with process at **3204 South Side River Road, Farmington, NM 87401**.

21. MVCI, McClellan, Vick, and Banks are joint employers for purposes of the FLSA. *See* 29 C.F.R. § 791.2.

## COVERAGE UNDER THE FLSA

22. At all times hereinafter mentioned, MVCI has been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23. At all times hereinafter mentioned, MVCI has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

24. At all times hereinafter mentioned, MVCI has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than

$500,000 (exclusive of excise taxes at the retail level which are separately stated).

25. At all times hereinafter mentioned, Parra and the Class Members were engaged in commerce or in the production of goods for commerce.

## FACTS

26. Based in New Mexico, MVCI is an oil and gas service company providing flowback and well testing services to clients throughout the United States.

27. To provide these services, MVCI employs numerous Field Personnel who set up, operate, and break down MVCI's equipment in the oilfield.

28. Field Personnel spend a majority of their time rigging up separators, connecting flow iron, installing manifolds, and building other oil and gas equipment.

29. Field Personnel also manually manipulate the equipment they set up to regulate pressure in the well, control various flow rates, and separate various drilling byproducts such as oil, gas, water, or condensate.

30. When the job is complete, Field Personnel rig down all the equipment they set up or were operating.

31. Field Personnel may also test various parts of the well using hydraulic wrenches, pressure gauges, or torque wrenches.

32. The job duties Field Personnel perform on a daily basis are significantly manual labor intensive.

33. Field Personnel do not require advanced skill or intense study to be able to do the job in accordance with MVCI's policies or procedures.

34. Most Field Personnel learn how to flowback or well test through on the job training.

35. Further, Field Personnel do not perform high level decision making.

36. Field Personnel do no hire, fire, or discipline other employees.

37. Field Personnel do not exercise independent judgment or discretion in the way they perform their job. In fact, MVCI requires Field Personnel to strictly comply with the its policies, procedures, and training.

38. Field Personnel do not supervise two or more employees for a total of 80 or more hours a week.

39. With these job duties, Field Personnel are clearly **non-exempt** under the FLSA and NMMWA.

40. However, MVCI does not treat Field Personnel as **non-exempt**.

41. MVCI pays all Field Personnel a day rate and job bonuses.

42. MVCI uniformly classifies all Field Personnel as exempt from the overtime requirements of the FLSA and NMMWA.

43. Further, Field Personnel work well in excess of 40 hours a week.

44. Field Personnel generally are scheduled to work at least 12 hours a day, 7 days a week. This means Field Personnel are working 84 hours per week, with 44 hours of overtime.

45. Field Personnel are not paid overtime. MVCI only pays Field Personnel a day rate and job bonuses, regardless of the number of hours worked.

46. While each Class Member's duties and compensation may vary slightly, their core job responsibilities remain the same.

47. Any differences are not material and do not detract from the common nucleus of facts as described herein.

48. As the controlling law makes clear, Parra and the Class Members are non-exempt employees and entitled to overtime for all hours worked in excess of 40 in a single workweek.

**FLSA AND NMMWA VIOLATIONS**

49. As set forth herein, MVCI violated the FLSA and NMMWA by failing to pay Parra

and the Class Members overtime for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a); NMSA § 50-4-22.

50. MVCI knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Parra and the Class Members overtime compensation. MVCI's failure to pay overtime compensation and intentional misclassification of these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

51. Accordingly, Parra and the Class Members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their regular rates of pay, plus liquidated damages or double damages, attorney's fees, and costs. 29 U.S.C. § 216(b); NMSA § 50-4-26.

52. The improper pay practices at issue were part of a continuing course of conduct, entitling Parra and the Class Members to recover for all such violations, regardless of the date they occurred.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

53. As described above, Parra and all Class Members have been victimized by MVCI's pattern, practice, and/or policy, which is in willful violation of the FLSA and NMMWA.

54. Many Class Members worked alongside Parra and reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA and NMMWA.

55. Many Class Members, regardless of the division or location in which the worked, performed similar job duties to Parra.

56. Thus, MVCI imposed a uniform practice or policy on Parra and all Class Members regardless of any individualized factors.

57. Parra and all Class Members received a day rate and job bonuses, regularly worked in excess of 40 hours per week, and were not paid overtime compensation.

58. As described above, these Class Members are similarly situated to Parra in terms of relevant job duties, pay provisions, and employment practices.

59. MVCI's failure to pay wages and overtime compensation at the rates required by the FLSA and NMMWA result from generally applicable, systematic policy and/or practice which are not dependent on the personal circumstances of any member of the Class Members.

60. Parra's experiences are typical of the experiences of all Class Members.

61. Parra has no interests contrary to, or in conflict with, the members of the FLSA Class Members and NMMWA Class Members. Like each member of the proposed classes, Parra has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

62. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

63. Absent this action, many FLSA and NMMWA Class Members likely will not obtain redress of their injuries and MVCI will reap the unjust benefits of violating the FLSA and NMMWA.

64. Furthermore, even if some of the FLSA and NMMWA Class Members could afford individual litigation against MVCI, it would be unduly burdensome to the judicial system.

65. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

66. The questions of law and fact common to each of the FLSA and NMMWA Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    (a) Whether MVCI employed the FLSA and NMMWA Class Members within the meaning of the FLSA and NMMWA;

    (b) Whether the FLSA and NMMWA Class Members were exempt from overtime;

    (c) Whether MVCI's decision to not pay overtime to the FLSA Class Members was made in good faith; and

(d) Whether MVCI's violation of the FLSA was willful.

67. Parra's claims are typical of the FLSA and NMMWA Class Members claims. Parra and the FLSA and NMMWA Class Members have sustained damages arising out of MVCI's illegal and uniform employment policy.

68. Parra knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

69. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

## JURY DEMAND

70. Parra demands a trial by jury.

## RELIEF SOUGHT

71. WHEREFORE, Parra prays for judgment against MVCI as follows:

(a) For an order certifying class action(s) under Rule 23 for the purposes of the claims under New Mexico law;

(b) For an order certifying this case as a collective action for the purposes of the FLSA claims;

(c) For an order finding MVCI liable for violations of state and federal wage laws with respect to Parra and all Class Members covered by this case;

(d) For a judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Parra and all Class Members covered by this case;

(e) For a judgment awarding Parra and all Class Members covered by this case their costs of this action;

(f) For a judgment awarding Parra and all Class Members covered by this case their attorneys' fees;

(g) For a judgment awarding Parra and all Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

(h) For all such other and further relief as may be necessary and appropriate.

- 9 -

Respectfully Submitted,

By: ___*/s/ Matthew S. Parmet*___
    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    *seeking admission pro hac vice*
    Matthew S. Parmet
    D.N.M. Id. No. 16-155

**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:    (713) 877-8788
Telecopier:    (713) 877-8065
rburch@brucknerburch.com
mparmet@brucknerburch.com

Michael A. Josephson
Texas Bar No. 24014780
*seeking admission pro hac vice*
Andrew W. Dunlap
Texas Bar No. 24078444
*seeking admission pro hac vice*
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Telephone:    (713) 352-1100
Telecopier:    (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

**Attorneys for Plaintiff**